IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JOHN D. HORTON,**

 **Plaintiff,**

v.                    Civil Action No. 1:23-CV-72
                         (JUDGE KLEEH)

**NATIONAL INSTANT CRIMINAL
BACKGROUND CHECK SYSTEM,**

 **Defendant.**

## REPORT AND RECOMMENDATION, AFTER INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 4] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on September 13, 2023.

On September 13, 2023, *pro se* Plaintiff John D. Horton ("Plaintiff") filed a Complaint against the above-captioned Defendant. [ECF No. 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges in the Complaint that Defendant National Instant Criminal Background Check System ("NICS") violated the Freedom of Information Act ("FOIA"). Specifically, Plaintiff complains that the Defendant violated FOIA by failing to release records relating to Plaintiff which it possessed. Plaintiff asserts that he submitted to NICS a written request for these records and received nothing. NICS is the federal program through which prospective firearms purchasers are

reviewed, and that Plaintiff sought records concerning the denial of permission for Plaintiff to purchase a firearm.

Importantly, Plaintiff recently filed a Complaint in this Court against the same Defendant setting forth essentially the same allegations and arguments. See Case No. 1:23-CV-18. In that other matter, the Court granted Plaintiff's motion to proceed *in forma pauperis* and had the benefit of the appearance of Defendant therein and briefing of the issues by the parties. In that prior matter, the presiding District Judge, the Hon. Thomas S. Kleeh, Chief United States District Judge, referred to the matter to the undersigned. The undersigned ultimately entered a Report and Recommendation, recommending that Plaintiff's Complaint therein be dismissed. On September 7, 2023, Judge Kleeh adopted the Report and Recommendation (save for its recommendation that the matter be dismissed <u>with</u> prejudice), and dismissed the Complaint therein without prejudice.

Plaintiff then brought the instant matter six calendar days later.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process. See <u>Portee v. United States Dep't of Agric.</u>, No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless

lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

      Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. REVIEW AND ANALYSIS

The Complaint [ECF No. 1] provides **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds entitling him to any relief.

Plaintiff alleges in the Complaint that Defendant violated FOIA by failing to provide to him certain records relating to Plaintiff's unsuccessful attempt to purchase a firearm. Plaintiff asserts that he submitted to NICS a written request for these records and received nothing.

### A. Legal Standards

Under the Federal Rules of Civil Procedure, if the Court, at any time, determines it lacks subject matter jurisdiction, the matter must be dismissed. Fed. R. Civ. P. 12(h)(3). In questions of whether subject matter jurisdiction lies, the burden lies with a plaintiff to prove that it does. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The Court may consider the allegations in the Complaint as evidence regarding subject matter; however, other evidence may also be considered, instead of converting the motion to dismiss into a summary judgment matter. Id.

Relatedly, as the undersigned noted in the prior matter, Case No. 1:23-CV-18, under seminal caselaw governing FOIA litigation, Plaintiff is required to exhaust administrative remedies before seeking court intervention. Schwarz v. F.B.I., 31 F. Supp. 2d 540, 542 (N.D.W. Va.) citing Spannaus v. Department of Justice, 824 F.2d 52 (D.C. Cir. 1987). This requirement is straightforward, and when not followed, the court in which the claimant seeks review lacks subject matter jurisdiction. Id.

4

## B. Analysis

In the instant matter, Plaintiff lodges arguments which the Court recently evaluated and rejected in the prior case which Plaintiff filed in this Court, Case No. 1:23-CV-18. In that case, the Court had the benefit of the appearance of Defendant's counsel, and the supplying of helpful information and argument as a result.

In that prior matter, Defendant stated in its memorandum in support of its motion to dismiss [ECF No. 17-1, in Case No. 1:23-CV-18] that, after receiving the Complaint in that matter, staffers with the Record/Information Dissemination Section (RIDS) of the FBI and the FBI's Criminal Justice Information Services Division (CJIS), which manages NICS, searched their databases for FOIA requests from Plaintiff. Defendant even provided a sworn declaration by a staffer with knowledge within the pertinent agency, to explain how the agency processes requests like Plaintiff's, and how it processed Plaintiff's particular request. Defendant noted that the search yielded no FOIA requests *per se* from Plaintiff, but instead yielded only one written inquiry from Plaintiff otherwise. By this inquiry, from December 12, 2022 (not lodged specifically pursuant to FOIA), Plaintiff sought information for the basis for a firearm-related denial. By letter of December 19, 2022, CJIS informed Plaintiff that the NICS Transaction Number (NTN) or the State Transaction Number (STN), provided in the request, had no matches in the system. Consequently, there was no way to process the request, and Plaintiff was made aware of this issue in that correspondence.

As the undersigned found in the prior matter, and as the undersigned likewise **FINDS** in the instant matter, Plaintiff failed to exhaust administrative remedies. All indications from the record in the prior matter are that Plaintiff failed to submit a proper FOIA request. Under FOIA is a statute a person may seek agency records. See 5 U.S.C. § 552(a)(3). Plaintiff made no showing

before, and makes no showing now, that he made a request for agency <u>records</u> pursuant specifically to FOIA. After all, per the above-noted database search, RIDS and CJIS personnel found one request made by Plaintiff to NICS's Criminal History Analysis Team, by which he requested agency rationale about denial of a firearm purchase. Yet, this was not a FOIA request *per se*, made pursuant to that statute or purporting to be any sort of Freedom of Information inquiry. Rather, it was a simple, terse request, seeking agency reasoning for denial of his purchase. [ECF No. 17-3, in Case No. 1:23-CV-18].

Even if Plaintiff may argue that his request for agency rationale was a FOIA request, all indications are that he did not supply a transaction number by which the agency could respond to the inquiry. <u>Id.</u> As such, Defendant could not provide further information. To this end, as noted in in Case No. 1:23-CV-18, just seven days later after Plaintiff made the request to Defendant, the agency sent a response indicating as such. Plaintiff took no further action to correct his request or supply updated or more detailed information which would allow Defendant to respond to the inquiry.

The undersigned **FINDS** that Plaintiff sets forth no new or different arguments, allegations, or citations to authority than those recited in the prior matter, Case No. 1:23-CV-18. Nowhere does Plaintiff show how he corrected the deficiencies identified in that prior matter, Case No. 1:23-CV-18. As such, the undersigned likewise **FINDS** that Plaintiff did not exhaust administrative remedies before filing suit, as plainly required by FOIA caselaw, such that the Court lacks subject matter jurisdiction and the matter should be **DISMISSED**.

### IV. PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*

Because Plaintiff fails to show that the Court has subject matter jurisdiction, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief may be granted.

After performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied.

## IV.  RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's corresponding motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: September 18, 2023.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE